**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **Lucas Wisniakowski On Behalf of Himself and All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Cooper/T.Smith Corporation**<br>**Defendant.** | **Civil Action No.: __________________**<br><br>**JURY TRIAL REQUESTED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Lucas Wisniakowski brings this lawsuit to recover unpaid overtime wages and other damages from Cooper/T.Smith under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

2. Defendant Cooper/T. Smith employs stevedores, like Plaintiff, to carry out its work at ports across the country. Plaintiff, and the other workers like him, regularly worked in excess of 40 hours in a single workweek.

3. But Defendant does not pay these workers overtime for those hours. They are misclassified as exempt and are not compensated beyond their salary for this overtime work.

4. This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in this District because the Defendant has conducted substantial, continuous, and systematic commercial activities in this District. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Houston Division of this Court.

## PARTIES

7. From approximately October of 1975 until approximately October of 2017, Plaintiff Lucas Wisniakowski worked for Defendant as a stevedore. Throughout his employment with Defendant, he was paid a salary but no overtime compensation. His consent to be a party plaintiff is attached as Exhibit A.

8. Plaintiff brings this action on behalf of himself and other similarly situated workers.

9. Defendant failed to pay them overtime for hours worked in excess of 40 hours in a workweek or guarantee them a salary.

10. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All Stevedores employed by Cooper T./Smith who worked in excess of 40 hours in a workweek in the past 3 years and were not paid overtime.**

11. Plaintiff seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

12. Defendant Cooper/T.Smith is one of the oldest and largest stevedoring and maritime related firms. Through its various companies and divisions, it provides stevedoring and terminal services (receiving and delivery of cargo, weighing, sorting, clerking and

sampling) for break bulk and containerized cargo in Alabama, California, Florida, Georgia, Louisiana, Mississippi, North and South Carolina, Texas and Virginia.[1] Defendant Cooper/T. Smith is a Louisiana corporation that can be served with process through its registered agent, CT Corporation System 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

**COVERAGE UNDER THE FLSA**

13. Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. Defendant or its subsidiaries, companies, or divisions has previously been the subject of similar suits, including *McIntyre v. SSA Cooper, LLC*, C.A. No. 2-18-cv-02150-DCN(D.S.C. Aug. 3, 2018); and *Chaplin v. SSA Cooper LLC*, C.A. No. 2:15-CV-01076 (D.S.C. March 5, 2015). The pay practice at issue is pervasive throughout Defendant's stevedoring operations.

[1] https://www.coopertsmith.com/Locations (last visited March 22, 2019).

17. Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

18. As will be shown through this litigation, Defendant treated Plaintiff and the Putative Class Members as employees and uniformly dictated the pay practices to which Plaintiff and the Putative Class Members were subjected.

**FACTS**

19. Plaintiff Lucas Wisniakowski was employed by the Defendant from approximately October of 1975 until approximately October of 2017 as a Stevedore.

20. Defendant is the stevedoring company paid by the vessel owner or operator to load and unload cargo at various ports or container terminals. Cooper/T. Smith has stevedoring operations in Alabama, California, Florida, Georgia, Louisiana, Mississippi, North and South Carolina, Texas and Virginia.

21. Plaintiff's primary duties consisted of working with employees of the International Longshoremen's Association ("ILA") to load and unload cargo on steamships at the port.

22. The Defendant hires individual ILA supervisors and workers to perform the actual loading or unloading. A Walking Foreman oversees one or multiple Gang Foremen, who oversee the Gang workers. The Walking Foreman, Gang Foreman and the Gang are all ILA members that Defendant hired through the ILA Union Hall.

23. Plaintiff, and similarly situated Stevedores, act as the "company man" for Defendant, directing loading or unloading of the vessel and interfacing with the vessel, ship's agent, stevedoring company, and ILA. They may direct the work of ILA gangs by giving them instructions through the Walking Foreman who relays the order to the Gang Foreman. The order may be related to loading or unloading the cargo or containers, where to place the cargo

or containers, or where the trucks are required to line up, so the crane can load and unload cargo per the stowage plan. The Gang Foreman rather than the Stevedore has authority over the ILA members that are in the Gang.

24. Plaintiff, and similarly situated Stevedores, do not interview or hire the Walking Foreman.

25. Plaintiff, and similarly situated Stevedores, do not train the Walking Foreman or set the Walking Foreman's hours or schedule.

26. Plaintiff, and similarly situated Stevedores, do not have the authority to fire or discipline the Walking Foreman.

27. Plaintiff, and similarly situated Stevedores, do not interview or hire the Gang Foreman.

28. Plaintiff, and similarly situated Stevedores, do not train the Gang Foreman or set the Gang Foreman's hours or schedule.

29. Plaintiff, and similarly situated Stevedores, do not have the authority to fire or discipline the Gang Foreman.

30. Plaintiff, and similarly situated Stevedores, have no say in who is chosen to be part of the ILA Gang, nor can they choose the Gang Foremen or Walking Foremen they work with.

31. Plaintiff, and similarly situated Stevedores, do not interview or hire the ILA Gangs' members.

32. Plaintiff, and similarly situated Stevedores, do not train the ILA Gangs they work with and do not set the ILA Gangs' rate of pay.

33. Plaintiff, and similarly situated Stevedores, do not determine the number of hours the ILA Gangs will work.

34. Plaintiff, and similarly situated Stevedores, do not have the authority to fire or discipline any of ILA employees they work with.

35. Plaintiff, and similarly situated Stevedores, are bound by the grievance procedure for disciplining union members as set forth in the ILA's collective bargaining agreement.

36. Suggestions and recommendations as to firing and disciplining the ILA employees made by Plaintiff and similarly situated Stevedores are not given significant weight or consideration by the Defendant.

37. Plaintiff and similarly situated Stevedores are paid a salary.

38. Plaintiff is not paid additional wages when he works over 40 hours in a work week.

39. Defendant pays Plaintiff and similarly situated Stevedores a salary, based on 80 hours of work for a two-week period. They are not paid a bonus for the hours they work nor the number of ships they work on.

40. Plaintiff and similarly situated Stevedores routinely work in excess of 40 hours per week.

41. Defendant misclassified Plaintiff and similarly situated Stevedores as exempt from the overtime compensation requirements of the FLSA.

42. Plaintiff and similarly situated Stevedores are not employed in any bona fide executive, administrative, or professional capacity.

43. The Defendant does not pay Plaintiff and similarly situated Stevedores one and one-half times their regular rate of pay for all hours worked, when they work in excess of 40 hours in a work week.

44. Plaintiff and similarly situated Stevedores regularly work more than 40 hours in a work week.

45. Plaintiff and similarly situated Stevedores are required to be available to work, 7 days a week, up to 24 hours a day.

46. Plaintiff and similarly situated Stevedores do not have a set schedule.

47. Plaintiff and similarly situated Stevedores receive a daily email between 5:00 pm and 6:30 pm, that lists the Stevedore who are scheduled to work the following day. The email contains the start time, which varies depending upon the vessel's arrival.

48. The email also informs Plaintiff and similarly situated Stevedores what their work assignments will be.

49. Plaintiff and similarly situated Stevedores do not manage a customarily recognized department or subdivision. Their work assignments vary each shift.

50. The daily email informs Plaintiff and similarly situated Stevedores which department or subdivision of the enterprise they will be assigned to work.

51. For instance, they are told whether they will be working a containership, a breakbulk ship, if they be working on the deck of the ship, the dock, in the hull of the ship, preparing stow plans, stuffing cargo or working in the warehouse.

52. Plaintiff and similarly situated Stevedores are required to continue to work until the ship is completely loaded or unloaded. As a result, they regularly work between 10 and 18 hours at a time.

53. Plaintiff and similarly situated Stevedores regularly work between 15 to 25 hours of overtime in a work week.

54. Defendant knows that Plaintiff and similarly situated Stevedores worked significant overtime without being compensated.

55. The position of a Stevedore involves grueling hours, working in extreme heat, cold, rain, and wind. The job involves working with and around heavy equipment, cargo, and in high or dangerous locations.

56. Upon information and belief, Defendant deprived Plaintiff and similarly situated Stevedores of the overtime pay they are entitled to under the FLSA, to save on labor costs and make higher profits.

57. Defendant does not employ the Plaintiff and similarly situated Stevedores as seaman.

58. Plaintiff and similarly situated Stevedores do not render aid in the operation of the vessels as a means of transportation, nor do they aid the vessels in navigation.

59. At all times, relevant to this Complaint, Plaintiff and similarly situated Stevedores were non-exempt employees for purposes of overtime compensation provisions of the FLSA.

## FLSA VIOLATIONS

60. Defendant violated, and is violating, the FLSA by employing Plaintiff and the Putative Class Members for workweeks longer than 40 hours without paying them overtime.[2]

61. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Putative Class Members overtime.

62. Defendant's failure to pay overtime to Plaintiff and the Putative Class Members was not reasonable, nor was the decision not to pay overtime made in good faith.

[2] This same conduct violates numerous state laws. Therefore, following some discovery and the opt-in process, Plaintiff may seek leave to add additional claims under state laws.

63. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

64. The illegal pay practices Defendant imposed on Plaintiff were likewise imposed on the Putative Class Members.

65. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

66. Based on his experiences and tenure with Defendant, Plaintiff is aware that Defendant's illegal practices were imposed on other Putative Class Members.

67. The Putative Class Members worked in excess of 40 hours per week but were not paid overtime.

68. Defendant's failure to pay overtime at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

69. Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members.

70. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

71. Plaintiff has no interests contrary to, or in conflict with, the Putative Class Members.

72. Like each Putative Class Member, Plaintiff has an interest in obtaining the unpaid overtime wages owed under the FLSA.

73. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

74. Absent a collective action, many members of the Putative Class Members will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA.

75. Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

76. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

77. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a. Whether Defendant Cooper/T. Smith employed the Putative Class Members within the meaning of the FLSA;

b. Whether the Putative Class Members were improperly misclassified as exempt;

c. Whether Defendant's decision to classify the Putative Class Members as exempt was made in good faith;

d. Whether Defendant's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

e. Whether Defendant's violation of the FLSA was willful; and

f. Whether Defendant's illegal pay practices were uniformly applied to the Putative Class Members.

78. Plaintiff and the Putative Class Members sustained damages arising out of Defendant's illegal and uniform employment policy.

79. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

80. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

81. Plaintiff demands a trial by jury.

## RELIEF SOUGHT

82. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order appointing Plaintiff and his counsel to represent the interests of the FLSA Class;

c. For an Order finding Defendant liable to Plaintiff and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*

**Michael A. Josephson**
State Bar No. 24014780
Federal ID 27157
mjosephson@mybackwages.com
**Andrew W. Dunlap**
State Bar No. 24078444
Federal ID 1093163
adunlap@mybackwages.com
**Taylor A. Jones**
State Bar No. 24107823
Federal ID No. 3348814
tjones@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

**Marybeth E Mullaney**
Fed. ID No. 11162)
marybeth@mullaneylaw.net
**Mullaney Law LLC**
1037-D Chuck Dawley Boulevard,
Suite 104
Mount Pleasant, SC 29464
843-588-5587 - Telephone
800-385-8160 - Facsimile

**ATTORNEYS FOR PLAINTIFF**